UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ROSSANA DOLAN,

  Plaintiff,                                                CASE NO.:  20-764

v.

CAPITAL ONE BANK (USA), N.A.,

  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ROSSANA DOLAN, by and through the undersigned counsel, and sues Defendant, CAPITAL ONE BANK (USA), N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CAPITAL ONE BANK (USA), N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).  Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing

## JURISDICTION AND VENUE

5. This is an action for damages exceeding seventy-five thousand dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The current principal place of business of Defendant is in Mclean, Virginia in Fairfax County. Accordingly, venue is appropriate with the Court under 28 U.S.C. § 1391(b)(1) as it is the judicial district in which Defendant resides.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant is a national association which was formed in Virginia with its principal place of business located at 1608 Capital One Drive, Mclean, Virginia 22102.

12. Defendant called Plaintiff approximately one-hundred (100) times in an attempt to collect an alleged debt. Due to the amount of calls Plaintiff received from Defendant, Plaintiff was unable to properly catalogue each and every call and thus a certain number of calls will be identified after a thorough review of Defendant's records and Plaintiff's cellular telephone records.

13. Some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received, she heard a pause when she answered her phone before a voice came on the line and she received prerecorded messages from Defendant.

14. Plaintiff received numerous voicemails from Defendant with the following pre-recorded message: "Hi, this is Karen from Capital One; we've been trying to reach you about an important personal business matter. Please return this call at 1-800-955-6600. Again the number to reach us at Capital One is 1-800-955-6600, thank you."

15. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

16. Plaintiff is the subscriber; regular user and carrier of the cellular telephone number (727) ***-3486, and was the called party and recipient of Defendant's calls.

17. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone (727) ***-3486 in an attempt to collect on an alleged debt.

18. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

19. More specifically, in or about December of 2019, Plaintiff communicated with Defendant from her aforementioned cellular telephone number and instructed Defendant's agent that she was unable to make a payment because she just recently lost her job. Plaintiff told Defendant's agent that she would call them when she had the money to pay and demanded they "stop calling [her]".

20. During the aforementioned call with Defendant's agent/representative in or about December of 2019, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

21. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was made without the "express consent" of the Plaintiff.

22. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

23. Plaintiff's request for the harassment to end was ignored.

24. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

26. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

27. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

28. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

29. Defendant has had numerous complaints against them from consumers across the country asking to not be called, however Defendant continues to call these individuals.

30. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

31. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

32. Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

34. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

35. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line

and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendants call.

36. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

39. Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

40. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

41. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, embarrassment and aggravation.

## COUNT I
### (Violation of the TCPA)

42. Plaintiff fully incorporates and re-alleges paragraphs one (1) through forty-one (41) as if fully set forth herein.

43. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop

44. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE BANK (USA), N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Hyatt B. Shirkey
Hyatt B. Shirkey, Esquire (VSB#80926)
Hyatt Browning Shirkey Law Firm
3735 Franklin Rd. S.W., Suite 251
Roanoke, VA 24014
Telephone: (540) 324-9288
Facsimile: (540) 986-2199
E-Mail: Hyatt@hbsesqfirm.com
*Attorney for Plaintiff*

and

***/s/ Octavio Gomez***
Octavio Gomez, Esquire
*Pro Hac Vice Pending*
Florida Bar No.: 0338620
Morgan & Morgan Tampa, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*